FILED
United States Court of Appeals
Tenth Circuit

April 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS E. TILLMAN,

               Plaintiff–Appellant,

v.

TIMOTHY R. MURPHY; MHC
KENWORTH,

               Defendants–Appellees.

No. 12-1440
(D.C. No. 1:11-CV-00196-WYD-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In his pro se complaint, Plaintiff Louis Tillman alleged the MHC Kenworth servicing dealerships in Grand Junction and Denver, Colorado, sabotaged the repair of his commercial Kenworth truck and refused to sell him a new vehicle because of his race. He alleged he overheard a mechanic at each of the locations refer to him by a racial slur

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and make a racially hostile comment about his truck ownership. He further alleged that, when he asked about financing for another truck, he "heard someone in the meeting [say] that it was not in the best interest of the image of Kenworth for a black man to own a W900." (R. at 35.) Although his complaint did not make any specific allegations against Defendant Timothy Murphy, Plaintiff later explained that Mr. Murphy, as president of MHC Kenworth, "has ultimate responsibility of the action of his employees." (R. at 419.) He further argued, "Mr. Murphy did not know of the action of his employees at the moment of these hanse [sic] acts, but upon learning of these actions, Mr. Murphy became party to the conspiracy, in which he has sole discretion to prevent." (R. at 419.)

Plaintiff brought claims under 42 U.S.C. §§ 1981, 1983, and 1985(3), as well as a claim of breach of contract. Following discovery and briefing, the magistrate judge recommended that Defendants' motion for summary judgment be granted in full. The magistrate judge concluded that Plaintiff's § 1983 claim failed because Defendants were private parties who were not acting under color of state law. The magistrate judge concluded that Plaintiff's § 1981 claim failed because Plaintiff had not presented evidence Defendants intentionally discriminated against Plaintiff on the basis of his race. In reaching this conclusion, the magistrate judge noted there was no evidence that the unidentified employees who allegedly made racially hostile comments about Plaintiff had decision-making authority over the mechanical work done on his truck or his purchase of another vehicle. The magistrate judge further noted there was evidence Defendants were unaware of any such statements, and Plaintiff presented no evidence to the contrary.

Plaintiff also did not address Defendants' evidence that he was unable to purchase an alternate vehicle solely because he could not pay cash or obtain the financing necessary to purchase any vehicle. The magistrate judge likewise concluded Plaintiff's § 1985 claim failed because there was no evidence Defendants conspired with each other or anyone else to deprive Plaintiff of any constitutionally protected rights. Finally, the magistrate judge concluded Plaintiff's breach of contract claim should be dismissed as a state law claim over which the court should decline to exercise supplemental jurisdiction. The district court adopted the magistrate judge's recommendation in full and entered judgment in favor of Defendants.

On appeal, Plaintiff argues the court's decision should be reversed because Defendants withheld material information by refusing to provide Plaintiff with material documents, refusing to disclose material evidence such as the identity of a witness, and taking out a no-trespass order against Plaintiff so he "could not come on the dealership property to get the names of the person whom [sic] made racial remarks." (Appellant's Opening Br. at 2 (capitalization standardized).) Plaintiff does not otherwise address the merits of the district court's ruling.

The record reflects the district court held several hearings to resolve Plaintiff's various discovery requests. Following the final discovery hearing, Defendants responded to Plaintiff's interrogatory requests by providing, inter alia, the names, job titles, and employee numbers of the employees who worked on his vehicle. Defendants also provided several documents, including a number of repair orders, and asserted that this

was the complete file of documents in their possession regarding Plaintiff and his vehicle. In the eight months following this response, Plaintiff did not object to the adequacy of Defendants' response or otherwise raise any discovery-related issues. It was only after the magistrate judge recommended the district court grant Defendants' motion for summary judgment that Plaintiff raised the conclusory argument that he "was denied discovery which should have enabled [him] to produce admissible evidence to show discriminatory intent on the part of the Defendant[s]." (R. at 454.)

After thoroughly reviewing the record and the briefing on appeal, we are not persuaded there were any un-rectified discovery issues that rendered the district court's decision premature or incorrect. Plaintiff has identified no other potential errors in the magistrate judge's and district court's consideration of his claims. Therefore, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the grant of summary judgment in favor of Defendants. We **GRANT** Plaintiff's motion to proceed in forma pauperis on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-